UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

**FILED**
**JAN 3 0 2013**

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | * | CIV 11-3017-RAL |
| | * | |
| Plaintiff, | * | |
| | * | OPINION AND ORDER |
| vs. | * | DENYING DEFENDANTS' |
| | * | MOTION TO SEAL |
| PAYDAY FINANCIAL, LLC, et al., | * | DEPOSITIONS AND |
| | * | MEMORANDUM |
| Defendants. | * | |

Plaintiff Federal Trade Commission ("FTC") sued the above-named Defendants alleging a number of unfair and deceptive trade practices. Doc. 1; Doc. 44. FTC and the Defendants agreed to a Stipulated Confidentiality Order, which this Court then signed. Doc. 41. The Stipulated Confidentiality Order contained provisions allowing designation of certain information as "confidential," and for such "confidential information" to be disclosed and distributed only to a select group. Doc. 41 at ¶ V. The Stipulated Confidentiality Order also allowed for "a witness or any counsel" to designate portions of a deposition as containing confidential information. Doc. 41 at ¶ VI.

On October 10, 2012, this Court held a hearing on, among other things, Defendants' Motion to Modify Protective Order to Seal Depositions, Doc. 76, which had been filed five days before the hearing. The Defendants expressed concern about language in the Stipulated Confidentiality Order that allows disclosure of "confidential information" to a "non-party pursuant to subpoena, court order, applicable statute, or Commission rule." Doc. 41 at ¶ V. F. In ruling on that motion from the bench, this Court said:

> The Court is going to grant in part and deny in part the defendants' motion for a protective order. There is a protective order already in place. The Court's ruling is going to be that the

> FTC not share any portion of the transcripts of depositions or exhibits to depositions that are designated as confidential with any entity or person outside of the FTC or outside of experts retained by the FTC in this case, until the defendants have an opportunity to raise to the Court whether any portion of that which is designated as confidential ought to be carved out from the information-sharing ability by the FTC.

Doc. 82 at 18:3-11. This Court then gave the Defendants 21 days to "file with the Court a motion that identifies, by page and line, information previously identified as confidential that the Defendants believe should be carved out from information sharing, together with an explanation of why and any case authority." Doc. 82 at 18:12-18.

On October 15, 2012, consistent with its oral ruling, this Court entered an Order Modifying Stipulated Confidentiality Order, Doc. 78, which added to Section V of the Stipulated Confidentiality Order the following provision:

> G. However, no disclosure shall be made under Section V.F. above of any confidential information so designated during depositions until the Court has an opportunity to rule on whether such confidential information should be withheld from disclosure under statute or Commission rule to entities outside of Plaintiff Federal Trade Commission and those listed in Paragraphs V. A through E. To facilitate the Court's ruling, Defendants shall file within twenty-one days of preparation of the deposition transcripts a motion under seal with the Court indicating by page and line what portions of the deposition transcripts and exhibits the Defendants believe should be withheld from disclosure outside of the FTC and those listed in Paragraphs V. A. through E., together with an explanation of why such information should be carved out and from any possible disclosure under statute or Commission rule. The FTC shall have twenty-one days thereafter to respond. Defendants shall have fourteen days following the FTC's response to reply, before the Court rules. The parties shall include in their filings citation to any authority that the parties believe the Court should consider in its ruling.

Doc. 78.

2

The Defendants then filed a Motion to Seal Depositions and Memorandum of Law Filed Under Seal, Doc. 80, by which the Defendants sought to have "the entirety of the deposition of Karen Garber, Megan Swan, and Martin A. Webb . . . kept under seal." The Defendants filed the transcripts of those three depositions under seal. Doc. 80-1; Doc. 80-2; Doc. 80-3. The Defendants do not seek to prevent FTC from using the depositions in this case, but remain concerned about disclosure of confidential information to a "non-party pursuant to subpoena, court order, applicable statute, or Commission rule" under the Stipulated Confidentiality Order. Doc. 41 at ¶ V. F. The FTC resisted Defendant's Motion to Seal Depositions. Doc. 87.

Rule 26(c)(1)(F) of the Federal Rules of Civil Procedure states that a court "may, for good cause," enter a protective order "requiring that a deposition be sealed and opened only on court order." Rule 26(c)(1)(G) permits a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specific way." Rule 26 of the Federal Rules of Civil Procedure gives courts "broad latitude to grant protective orders" and equally broad discretion to deny such orders. 8A Charles Alan Wright, Arthur R. Miller & Richard Marcus, Federal Practice & Procedure § 2043 at p.243 (2010). Rule 26 is designed to be a "highly flexible" rule. See Gill v. Gulfstream Park Racing Assoc., 399 F.3d 391, 402 (1st Cir. 2005). A district court is authorized in appropriate cases to seal documents and deposition testimony to insure use for judicial purposes and not for inappropriate dissemination. Schoffstall v. Henderson, 223 F.3d 818, 823 (8th Cir. 2000). However, a party seeking such protection must show "necessity of its issuance." Gen. Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1212 (8th Cir. 1973). This District's Local Rule 7.1

requires that: "Any motion seeking the sealing of pleadings, motions, exhibits, or other documents to be filed in the court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." D.S.D. Civ. L.R. 7.1.

Both from the bench and in the Order Modifying Stipulated Confidentiality Order, this Court directed the Defendants to file a motion under seal "indicating by page and line what portions of the deposition transcripts and exhibits the Defendants believed should be withheld from disclosure outside of the FTC and those listed in Paragraphs V. A. through E., together with an explanation of why such information should be carved out from any possible disclosure under statute or Commission rule." Doc. 78. Instead of doing so, Defendants sought to seal each and every page and line of three deposition transcripts. This Court has read through portions of those deposition transcripts and has found that the majority of the testimony would not qualify as "confidential information" under the Stipulated Confidentiality Order, let alone merit sealing and prohibiting the FTC from disclosure pursuant to subpoena, applicable statute, or Commission rule. This Court has not made an effort to read all three deposition transcripts in detail to determine what is confidential and what, if any, content might be so sensitive and confidential as to merit being carved out from any possible disclosure under statute or Commission rule, nor is it the responsibility of this Court to do so. The Defendants were given an opportunity to designate "by page and line . . . together with an explanation of why such information should be carved out from any possible disclosure under statute or Commission rule," Doc. 78, and did not do so. The Stipulated Confidentiality Order provides protection for confidential information, including confidential information contained in depositions. Defendants have not justified any

4

further protection or modification of the Stipulated Protective Order, which appears to afford sufficient protection of whatever confidential information is contained in the deposition transcripts. Therefore, it is hereby

ORDERED that Defendants' Motion to Seal Depositions and Memorandum of Law Filed Under Seal, Doc. 80, is denied. It is further

ORDERED that Doc. 80-1, Doc. 80-2, and 80-3, consisting of transcripts of depositions, however, remain under seal in the court record.

Dated January 29, 2013.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE

5